## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA

MARY GAYLE, as Personal Representative
of the Estate of Kevin L. Griffin,

        Plaintiff,

  v.                         Case No.: 8:06-cv-1159-TT24TGW

PASCO COUNTY SHERIFF'S OFFICE
and SANDRA McKEE-DUDLEY,

        Defendants.

_____/

### DEPARTMENT OF CHILDREN AND FAMILIES'
### SECOND AMENDED MOTION FOR PROTECTIVE ORDER
### AND MEMORANDUM OF LAW

      The Department of Children and Families (Department), by and through its undersigned attorney, hereby moves for entry of a Protective Order pursuant to F. R. Civ. P. 26(c), and as grounds therefore would show:

      1.  The Defendant served three subpoenas duces tecum in the above-referenced case upon the Department of Children and Families.  Each subpoena duces tecum requested all records concerning public benefits, including…"food stamp benefits, Temporary Cash Assistance, welfare/Community Based Care, Medicaid and medical coverage to low income individuals and families, Pregnancy Medicaid, Assistance through Healthy Kids and KidCare, child care assistance, employment assistance and/or housing assistance," regarding three individuals:

        Kevin Leroy Griffin, DOB 04/07/1968

        Kimberly Byrd, DOB 03/01/1974

        Barbara Crump, DOB 07/21/1969

Amended Protective Order and Memorandum
Mary Gayie, as PR of Estate of Kevin L. Griffin
v. Pasco County Sheriff's Office
Case No.: 8:06-cv-1159-TT24TGW
Page (2)

      2.a.   In response, the Department filed a motion to quash/motion for protective order regarding each subpoena, alleging that the Department may not release confidential information and citing of Federal and State regulations prohibiting disclosure of public assistance records.  However, the Department neglected to file a memorandum of legal authority or to include the certificate required by Local Rule 3.01(g), and the Court denied these motions without prejudice by order dated May 8, 2007.

      b.   The Department attempted to file an Amended Motion and Memorandum of law on May 18, 2007, but was advised by the Clerk that it would not be accepted as it was signed by an attorney who had filed no Notice of Appearance.

      3.   Pursuant to Local Rule 3.01(g), counsel for the Department certifies that she has conferred in good faith with counsel for Defendant prior to filing the instant motion in an effort to resolve the dispute without court action.  Counsel for the Department has offered to provide the requested records should Defendant's counsel be able to acquire appropriate releases signed by Mr. Griffin, Ms. Byrd, and Ms. Crump authorizing the disclosure of the information; however, counsel for Defendant she will be unable to attain these releases.  Counsel for Defendant has also stated that she has no objection to the filing of this Second Amended Motion for Protective Order and Memorandum of Law.

Amended Protective Order and Memorandum
Mary Gayle, as PR of Estate of Kevin L. Griffin
v. Pasco County Sheriff's Office
Case No.: 8:06-cv-1159-TT24TGW
Page (3)

## MEMORANDUM OF LAW

Various Federal regulations mandate that public assistance records are generally confidential and exempt from disclosure except in limited circumstances.  As a result, the Department may not disclose the information to Defendant in response to its subpoenas without first complying with the disclosure limitations established by law.

Temporary Cash Assistance program participant information is confidential and exempt from Florida's public records laws.  §414.295(1), Fla. Stat. (2007).   Florida law permits disclosure for purposes limited to administration or audit of the State's plan, of other State or Federal public assistance programs, the unemployment compensation program, or the provision of protective services to children or elderly persons. §414.295(1), Fla. Stat. (2007).   Disclosure may also be made in investigative, civil, criminal, or administrative proceedings to specified governmental entities acting in connection with the administration of various public assistance functions §414.295(1)( c), Fla. Stat. (2007).   The instant request does not fall within any exception to the general rule of non-disclosure.

Federal regulations require that State plans for public assistance, Medicaid, and food stamp programs limit disclosure of client information to purposes directly connected with administration of these programs, and additionally permit disclosure of such information to law enforcement officers attempting to locate fugitive felons.   45 CFR §205.50 (Temporary Cash Assistance Programs); 7 CFR §272.1 (c), (Food Stamp Program); 42 CFR § 431.306, (Medical Assistance Program).    In financial and medical

Amended Protective Order and Memorandum
Mary Gayle, as PR of Estate of Kevin L. Griffin
v. Pasco County Sheriff's Office
Case No.: 8:06-cv-1159-TT24TGW
Page (4)

assistance programs, the Department is required to bring the Court's attention to these policies and rules any time a subpoena for case record information or agency representative testimony is sought. Section 45 CFR §205.50(a)(2)(iv) regarding financial assistance programs (TANF); 42 CFR 431.306(f), regarding medical assistance programs (Medicaid). The Food Stamp regulations do not specifically address disclosure in legal proceedings outside of the general disclosure prohibitions previously discussed. 7CFR §272.1(c). Generally, statutes prohibiting general disclosure of information do not bar judicial discovery absent an express prohibition against disclosure. Zambrano v. INS, 972 F.2d 1122, 1125 (9th Cir 1992); Hassan v. United States of America, 2006 WL 681038 (W.D. Wash 2006).

Three forms of confidentiality provisions used by Congress have been identified by the federal courts. Zambrano, supra. A statute may expressly bar disclosure in legal proceedings. Alternatively, a statute may expressly allow for disclosure in legal proceedings. Finally, a statute may be silent on the issue of disclosure in legal proceedings. Id. The Food Stamp Act's confidentiality provisions have been held to fall into the third category. Hassan v. United States of America, 2006 WL 681038 (W.D. Wash 2006). Statutes that do not specifically address disclosure in legal proceedings have generally not been read as prohibiting the disclosure. See Zambrano, supra; Hassan, supra; Association for Women in Science v. Califano, 566 F.2d 339 (DC Cir 1977); In re: Grand Jury Subpoena Duces Tecum, 2001 WL 896479 (W.D. Va 2001).

Amended Protective Order and Memorandum
Mary Gayle, as PR of Estate of Kevin L. Griffin
v. Pasco County Sheriff's Office
Case No.: 8:06-cv-1159-TT24TGW
Page (5)

[See, however, Tyson v. Tyson, 2005 WL 2514258 (Va Cir Ct 2005), an unreported circuit court case denying disclosure of child care assistance program records in a divorce action]. The regulations governing the Medicaid and AFDC programs do not state that these records are privileged from disclosure to the courts, nor do they state that these documents may not be used in legal proceedings. They do, however, define the appropriate agency response to disclosure subpoenas. In re: Grand Jury Subpoena Duces Tecum, 2001 WL 896479 (W.D. Va 2001). As a result, the Department must advise the Court of these statutory directives for the Court's consideration before disclosing the records requested here.

The Department seeks entry of protective orders determining whether disclosure of the records requested is appropriate and setting forth the terms of such disclosure, if granted.

Respectfully submitted,

/Beverly Hunt Diehr, Esquire
FBN: 0263168
Asst. SunCoast Region Legal Counsel
Department of Children & Families
9393 N. Florida Ave., room 902
Tampa, Florida 33612
(813) 558-5510 or (813) 558-5517

Email: beverly_diehr@dcf.state.fl.us

Amended Protective Order and Memorandum
Mary Gayle, as PR of Estate of Kevin L. Griffin
v. Pasco County Sheriff's Office
Case No.: 8:06-cv-1159-TT24TGW
Page (6)

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing was furnished by U.S. Mail

to Karin Glascock, Esquire, DeBevoise & Poulton, P.A., Lakeview Office Park, Suite

1010, 1035 S. Semoran Blvd., Winter Park, Florida 32792 this 28 _ day of May, 2007.


Beverly Hunt Diehr, Esquire
Asst. SunCoast Region Legal Counsel
Department of Children & Families